UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 03-CR-80177-DT-07

AFIF BAZZI,

    Defendant.
                                                    /

**OPINION AND ORDER DENYING
DEFENDANT'S "MOTION FOR CLARIFICATION OF SENTENCE"**

Pending before the court is Defendant Afif Bazzi's August 21, 2006 "Motion for Clarification of Sentence." The Government filed a response on September 21, 2006, and no reply has been filed by Defendant. For the reasons stated below, the court will deny Defendant's motion.

On April 29, 2004, Defendant pleaded guilty to conspiracy with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846. The plea agreement recommended that Defendant receive a sentence of no more than 10 years imprisonment, the relevant statutory minimum. At sentencing, however, the court granted the Government's motion for downward departure and sentenced Defendant 46 months imprisonment, "to run concurrent with the defendant's undischarged term of imprisonment with the Michigan Department of Corrections." (9/28/04 Judgment at 2.)

Now, almost two years after his sentence was imposed, Defendant requests "clarification" of this sentence. While labeled as a motion for clarification, Defendant is in reality requesting that the court reduce his sentence. Specifically, Defendant states

that he thought that the federal sentence would run concurrent with his total state term of imprisonment, even that which he had already served at the time of the sentencing. Thus, Defendant essentially argues that he should receive credit on his federal sentence for time served on his state sentence.

The court disagrees. Defendant has failed to provide any factual or legal support, aside from his bare assertions, to justify the exceptional relief he seeks. The court sentenced Defendant far below both the statutory minimum and the term of imprisonment which was recommended in the Rule 11 Agreement. The fact that the federal sentence would run concurrent with only the *undischarged* state term of imprisonment was expressly stated in the judgment. (9/28/04 Judgment at 2.) The court is not persuaded that any modification to the judgment is warranted.

Moreover, even if the court were persuaded that Defendant was entitled to a further reduction, the court is aware of no authority, and Defendant does not cite to any, which would allow the court to revisit its sentence two years after it was imposed. "[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255. *See United States v. Zabawa*, 134 Fed. App'x 60, 67 (6th Cir. 2005). Defendant does not expressly rely on either provision and, in any event, they are inapplicable to the facts of this case.[1] As the Government points

---

[1] Title 28 U.S.C. § 2106 allows a district court to modify a sentence when directed by an appellate court, which has not occurred in this case. Title 28 U.S.C. § 2255 offers no relief to Defendant, because his motion was not brought within the applicable statute of limitations. *See* 28 U.S.C. § 2255 ¶ 6.

out, Federal Rule of Criminal Procedure 35(a) allows the court to "correct a sentence that resulted from arithmetical, technical, or other clear error" only seven days after sentencing. Fed. R. Crim. P. 7(a). Because Defendant did not file his motion within seven days of sentencing, the court lacks jurisdiction to review his request. *Zabawa*, 134 Fed. App'x at 67. Accordingly,

IT IS ORDERED that Defendant Afif Bazzi's August 21, 2006 "Motion for Clarification of Sentence" [Dkt. # 141] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 3, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 3, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522